**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**GETTYSBURG CORP., et al., Defendants.**

**Civ. A. No. H–89–3081.**

United States District Court, S.D. Texas, Houston Division.

Dec. 11, 1990.

David Alan Groveman, Houston, Tex., for plaintiff.

Dougal C. Pope, Houston, Tex., for defendants.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is a motion for summary judgment filed by Plaintiff Federal Deposit Insurance Corporation ("FDIC") as receiver for the former United Bank–Houston ("United"). After consideration of said motion and Defendant Lively's response as well as the affidavits and exhibits filed in support thereof, this Court is of the opinion that Plaintiff's motion should be granted.

Plaintiff has brought this suit to collect on a promissory note executed by Defendant Gettysburg Corporation ("Gettysburg") payable to Plaintiff's predecessor for $926,926.56. The note was secured by a Deed of Trust and the personal unconditional guaranty of Defendant Lively, President of Gettysburg. The note matured on March 28, 1986 and was later extended by agreement. After Defendants defaulted on the note and demand made, the FDIC foreclosed on the property securing the note. This litigation is for the collection of the remaining deficiency of $794,691.15 plus interest.

Defendant Gettysburg has not been served because according to the Secretary of State's records it is an inactive corporation. Defendant Lively defends on the following grounds: 1) lack of consideration, 2) the FDIC is not the owner and holder of the note, 3) the FDIC in its corporate capacity owning the note, 4) the guaranty is materially altered, 5) the guaranty covered only future debt, 6) the guaranty is ambiguous and limited and did not extend to the FDIC, 7) accord and satisfaction, 8) economic duress, 9) estoppel, 10) laches, 11) payment, 12) relief, 13) statute of frauds, 14) statute of limitations, 15) conditions precedent, and 16) Lively signed the note in his capacity as officer and not individually. Lively has also raised the following counterclaims: 1) wrongful foreclosure, 2) corporate owned the note but receiver filed suit, 3) FDIC failed to ask Trustee named in the security agreement to act at foreclosure, 4) no proper notice of foreclosure, 5) sale was made at the wrong time, 6) the price at sale was deficient, 7) duty of good faith and fair dealing, and 8) bad faith.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In the present case Plaintiff has the burden of proof concerning Defendant's obligation to pay the alleged debt. It is undisputed that on September 25, 1985, Defendant Gettysburg, by and though its President Truitt V. Lively executed a promissory note payable to United. The note was secured by a Deed of Trust and the personal guarantee of Defendant Lively. The Deed of Trust allows for the appointment of a Substitute Trustee at the beneficiaries discretion. The agreements between the Bank and Gettysburg and/or Lively are complete and in writing. *See* 12 U.S.C. § 1823(e) and *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

The note matured on March 28, 1986 but was extended by agreement. However, Defendants defaulted in payment of the extension note and after demand was made and with notice to the debtor the property was sold at a foreclosure sale on October 6, 1987. The evidence shows that the foreclosure sale was proper and complied with

the requirements of the Texas Property Code. In addition, the notice conformed with the statutory requirements.

■ The property was placed for bid based on an appraisal and bid at or above 70% of the appraised value. The highest bid of $170,000.00 was made by a trustee for Defendant Lively. This amount was applied first to the interest owed and then to the principal. The Court finds that this bid, which was over 85% of the appraised value, is not deficient. A lower that expected price at a foreclosure sale does not mean there were irregularities in the sale. *Greater Southwest Office Park, Ltd. v. Texas Commerce Bank National Association,* 786 S.W.2d 386 (Tex.Civ.App.—Houston [1st Dist., 1990]). Furthermore, contrary to Defendant's belief, an ordinary lender/borrower relationship does not create a fiduciary duty. *FDIC v. Coleman,* 795 S.W.2d 706 (Tex.1990).

■ There remains due and owing a deficiency of $794,691.15 plus accrued interest. The FDIC has submitted the affidavit of Kenton M. Sigle, account officer, which shows all payments made by Defendants, if any, have been credited and Defendants have received all offsets and credits due them. Defendants have failed to produce any material evidence to the contrary. In addition, there is nothing in the bank records showing the FDIC has an obligation to collect on any other notes in connection with this note or that this note was allegedly written to replace other notes. Finally, there is no evidence that the FDIC was required to pay the note in full at the time it foreclosed on the property. This suit, brought on the deficiency, was timely filed pursuant to § 212, sec. 11(d)(14) of FIRREA. Suit is being brought against Defendant Lively not on the promissory note, which he signed in his capacity as President of Gettysburg, but rather on the Guaranty which he signed in his individual capacity. Lively's claim that the Guaranty is back dated fails pursuant to *D'Oench, supra,* 12 U.S.C. § 1823(e), and the holder in due course doctrine. Furthermore, the Guaranty is not limited, it is clear on its face and unequivicably covers this debt.

■ The defenses of failure of consideration, estoppel and duress cannot be used against the FDIC unless Defendant can show, in writing from the Board of Directors or Loan Committee minutes evidence which supports the validity of these defenses. *See D'Oench, supra* and 12 U.S.C. § 1823(e). The claim of economic duress is also barred pursuant to *Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

According to the evidence the FDIC owns the note in question. Both the Sigle affidavit and amended affidavit show that prior to the failure of United, United borrowed at the Federal Reserve Window and the Gettysburg note was part of the collateral used. Once United was declared insolvent, the FDIC paid the debt at the Federal Reserve Bank and received the Gettysburg note back. When a bank closes this is standard procedure. According to § 3.208 of the Texas Uniform Commercial Code repurchase by a payee is proper and the payee retains all its rights to the note.

■ The FDIC, as Receiver, owns the note in question. The evidence shows that when the FDIC closed United the transaction was a Deposit Insurance Transaction Purchase & Assumption in which the Receiver acquired all the assets. When a bank is closed, FDIC–Corporate indemnifies the purchasing bank. It takes no assets of the failed bank. Therefore, it is clear that FDIC–Receiver has brought suit in the proper capacity.

The Court is of the opinion Plaintiff has met its burden of proof concerning Defendant Lively's obligation to pay the alleged debt and Defendant has failed to adequately controvert Plaintiff's summary judgment evidence showing that the debt is owed. Therefore, it is

ORDERED that Plaintiff's motions for summary judgment (entries 27 & 39) are GRANTED. It is further

ORDERED that Plaintiff recover from Defendant the principal sum of $791,168.52 together with pre-judgment interest

through September 30, 1990 of $270,763.88 plus interest thereafter of $249.27 per diem until the date of judgment and post-judgment interest at the rate of 7.28% per annum from the date of judgment until paid. It is further

ORDERED that Defendant pay Plaintiff reasonable attorney's fees of $25,000.00 pursuant to the affidavit of David Groveman. It is further

ORDERED that all other motions (entries 32 & 33) are denied as MOOT.

It is so ORDERED.